```
     D2p6medc

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                              13 CR 26(JMF)

5    SALVADOR MEDINA,

6                   Defendant.

7    ------------------------------x

8                                              New York, N.Y.
                                               February 25, 2013
9                                              3:30 p.m.

10
     Before:
11
                    HON. JESSE M. FURMAN,
12
                                               District Judge
13

14                       APPEARANCES
     PREET BHARARA
15        United States Attorney for the
          Southern District of New York
16   ADAM FEE
          Assistant United States Attorney
17
     ALAN NELSON, ESQ.
18        Attorney for Defendant

19   Also present:  CRISTINA WEISZ, Spanish language interpreter

20

21

22

23

24

25
```

```
D2p6medc
```

1                    (In open court; case called)

2              THE DEPUTY CLERK:  Counsel please state your name for

3     the record.

4              MR. FEE:  Good afternoon, your Honor.  For the

5     government, Adam Fee.

6              THE COURT:  Good afternoon, Mr. Fee.

7              MR. NELSON:  Alan Nelson appearing on behalf of

8     Salvador Medina.  Mr. Medina is here to my left.

9              THE COURT:  Good afternoon, Mr. Nelson and Mr. Medina.

10             I understand first that we need to have the

11    interpreter sworn.

12             Ms. Barnes, will you please do that?

13             THE DEPUTY CLERK:  Please raise your right hand.

14             (Interpreter sworn)

15             THE COURT:  So my question is what is going on here?

16    Because candidly I had gotten the notice of intent to file an

17    information back in January and I figured I would hear from you

18    and therefore didn't do anything and it only came to my

19    attention that I hadn't heard from you and that the defendant

20    waived indictment and was arraigned on January 10th, I guess.

21    I had no record of referring it to the magistrate judge and

22    referring it to a magistrate judge is not my practice.  I don't

23    know precisely what happened here.

24             We have pulled the tape of that arraignment.  I don't

25    believe there was any application to exclude time under the

1   Speedy Trial Act.  There is no appearance scheduled before me.
2   The speedy trial clock is running and a month and a half has
3   run off that clock.  Frankly, but for the fact that my chambers
4   came across this case, I presume the clock would have run its
5   course.  I don't know what happened here and I will see how
6   things will change as to how we handle things.
7           Mr. Fee, you could fill me in?
8           MR. FEE:  Your Honor, you are correct on all counts
9   except for one, which I will clarify.  Candidly the government
10  messed up.  We did have that proceeding on January 10th.  I did
11  contact chambers and I can represent I believe it was orally.
12  I can check my e-mails.  It was referred to magistrate court
13  for the waiver and the arrangement because I would not have
14  gone forward to mag court.  Absent that I recall having an
15  exchange.  I don't recall the substance why you were not
16  available, but I did contact chambers.  I don't believe there
17  was a written application of any kind for that referral.
18          THE COURT:  It certainly is not standard practice for
19  there to be a written application, let alone a written
20  referral.  I take you at your word, although honestly looking
21  at my calendar don't understand why anybody in my chambers
22  would represent that the matter would have been referred.  I
23  don't see looking at the document how that occurred, how the
24  notice of intent to file an information appears to have been
25  filed and docketed the same day as the waiver of indictment and

1    arrangement, which is to say that assuming this happened the
2    way I assume it happened and the way it usually is handled when
3    I handled such things I assume you got my name out of the wheel
4    based on the notice of intent to file a motion on January 10th.
5             MR. FEE:  Correct.
6             THE COURT:  Standard practice would be to contact my
7    chambers and arrange for a date and time to have the waiver
8    done, but the fact that the waiver occurred the same day
9    suggests to me it wouldn't have even been assigned to me.  We
10   wouldn't have learned about it.  I don't quite understand how
11   the timing would have worked such that we would have given you
12   a referral.  Be that as it may, you were told there was a
13   referral.  I am happy to hear from Mr. Nelson.  Under the
14   circumstances, I have no recollection of having made a
15   referral.  I don't know if that presents the problem.  I am
16   happy to redo the waive and arrangement if the defendant and
17   Mr. Nelson makes clear there is no issue on that front.  I
18   imagine that will be sufficient for the purpose of the record.
19            MR. FEE:  Certainly you can put that to Mr. Nelson.  I
20   don't believe there would be an issue.  I will let him speak
21   for himself to assuage the Court's concern.  I reached out to
22   chambers.  I don't remember why I was if there was a reason why
23   I should go to magistrate court, if there was something else
24   going on.  I did contact chambers after receiving your name out
25   of the wheel in the morning and proceeded to magistrate's court

1    with Mr. Nelson in the afternoon.  There was no attempt and I
2    can't even think of a benefit that would accrue to the
3    government by doing that.
4             THE COURT:  Nor I but I am also puzzled you didn't
5    have a date for subsequent appearance before me and therefore
6    didn't have any basis to make an application for exclusion of
7    time under the Speedy Trial Act and did not.
8             MR. FEE:  This was my error, your Honor.  There is no
9    really good explanation.  I engaged in a number of these that
10   week and foolishly and erroneously did not reach out to
11   chambers as I should have.  I have been in contact with
12   Mr. Nelson since about this case and about issues relating to
13   his client.  I expect there would be a resolution soon.  There
14   was no attempt to avoid the Court's being involved in this
15   case.  It was simply a very inexcusable oversight on the
16   government's part.
17            THE COURT:  Well, where do things stand?  Have you
18   made discovery to the defendant?
19            MR. FEE:  Discovery has not been produced yet, your
20   Honor.  I can produce it quickly.  There will be a plea
21   proposal advanced to Mr. Nelson this evening.  It is working
22   through the internal approvals in my office.  After that I
23   expect we will be able to reach a resolution.  I would note
24   that as your Honor has noted the speedy trial clock had been
25   running.  Currently I believe 45 days from the time of the

1    waiver until today.
2         THE COURT: Okay. By my calculation there are only
3    five days remaining.
4         MR. FEE: That's correct.
5         THE COURT: What is the nature of discovery?
6         MR. FEE: Discovery here would consist of some
7    recorded calls relating to the negotiation of a drug delivery
8    in New Jersey that was intended for transport on to the Bronx
9    as well as photographs of physical evidence relating to the
10   seizure of drugs from that location in New Jersey, photographs
11   of cash and narcotics seized and of the area searched pursuant
12   to consent and then there is a Miranda waiver and a postarrest
13   statement by the defendant.
14        THE COURT: Assuming there is not a disposition of the
15   matter before then, when would you be prepared to produce that
16   discovery of the defendant?
17        MR. FEE: I can produce that tomorrow, your Honor.
18        THE COURT: I will direct that be produced by the end
19   of the week; but if you can produce it earlier than that, I
20   would encourage you to do so.
21        Now, Mr. Nelson, first of all let me back up and say
22   counsel presumably knew I was a United States attorney in this
23   district. It was last spring when I took the bench. Although
24   the dates of the alleged offense in this case do predate my
25   departure from the office, I have no reason to believe that I

1  have anything to do with this case or investigation of this
2  case.
3           Mr. Fee, I assume you have the same understanding, is
4  that correct?
5           MR. FEE:  That is correct, your Honor.
6           THE COURT:  In light of that, I have no reason to
7  believe I am recused from the matter.
8           Mr. Nelson, if you have any reason to think otherwise,
9  you can bring a proper motion.  I am going to set a deadline of
10 two weeks to do that so we can get that off the table.
11          Going then to the question of the status of the case.
12 Again, there is obviously uncertainty has to whether the matter
13 was referred and it is entirely possible that I am wrong and I
14 did direct somebody in my chambers to indicate that it was
15 referred and I am simply not remembering that.  Given the
16 uncertainty, one option would be to have the defendant waive
17 indictment and be arraigned on the information and another
18 option is for you to agree that this is a nonissue, which I
19 would imagine to the extent it is an issue it would be waived
20 in any event.
21          How would you like to proceed, Mr. Nelson?
22          MR. NELSON:  Your Honor, we were engaged in ongoing
23 plea negotiations well before the filing of the notice of
24 intent to file an information and I have discussed both my
25 client's rights with respect to indictment and waiver in great

1  detail prior to our appearance before the magistrate.  This is
2  a nonissue.  I don't believe there would be a necessity at this
3  time of having him rewaive and certainty a plea of not guilty
4  to the information.  I think even in abundance of caution, it
5  wouldn't be necessary under these circumstances.  I do
6  anticipate there will be a resolution of this case rather
7  shortly.
8             THE COURT:  Mr. Fee, are you content with that?
9             MR. FEE:  I am, your Honor.
10            THE COURT:  Mr. Nelson, the parties apparent agreement
11 is that, as is my practice, I set a deadline for discovery,
12 which I have done this Friday, and set a deadline for you to
13 file any motions that you intend to bring and then the next
14 appearance will be scheduled for around the time of that
15 deadline at which point I will deal with the motion or give a
16 deadline for the government to respond to the motion.  Either
17 way, whether there is a motion filed or not, I would set a
18 trial date on that occasion.  My question to you is how much
19 time do you need to review the discovery and to prepare and
20 file any motions that you would bring if the matter is not
21 resolved beforehand?
22            MR. NELSON:  Your Honor, I request a three-week period
23 of time to do so.
24            THE COURT:  If you get discovery no later than this
25 Friday, March 1st, to avoid the need for any sort of extension,

D2p6medc

1    I will give you until March 29th to file any motions.

2            MR. NELSON:  That's fine, Judge.

3            THE COURT:  I will have you guys back here on
4    April 3rd at 3:15.

5            I understand, Mr. Fee, there is some confusion about
6    what courtroom I was in today.  Unless you hear otherwise, you
7    should assume on that occasion I will be in Courtroom 1105 in
8    this building.

9            As I said, assuming we get there on that occasion,
10   first and foremost we will be setting a trial date.  And in the
11   event there have been motions filed, we'll figure out how those
12   are going to be handled.  If there is a disposition between now
13   and then, you should contact my chambers as long as I am in the
14   district just to handle that myself.  You should plan on coming
15   to me for that.

16           Is there anything else we need to deal with today?  I
17   imagine there is an application for exclusion of time?

18           MR. FEE:  Yes, your Honor.  We ask to exclude time
19   through April 3rd, the next conference.

20           THE COURT:  Any objection, Mr. Nelson?

21           MR. NELSON:  No, objection, your Honor.

22           THE COURT:  I will exclude time under the Speedy Trial
23   Act between today and April 3rd, 2013.  I find that the ends of
24   justice served by excluding that time outweigh the interest of
25   the public and the defendant in a speedy trial to allow the

D2p6medc

1   parties to continue their negotiations over a potential
2   disposition of the matter without trial, to allow the
3   government to make discovery to the defendant and allow
4   defendant and defense counsel to review that discovery and
5   prepare any motions that the defendant intends to bring.
6            MR. NELSON:  Very well, your Honor.
7            THE COURT:  Anything else.?
8            MR. NELSON:  Your Honor, the only additional fact I
9   would like to bring to the Court's attention is that I would
10  like to introduce to the Court -- I am a participant in the
11  court's mentoring program and present in court today is
12  Christine Delimce.  She is a mentee and assigned to work with
13  me and I wanted to introduce her to the Court.  She will be
14  working with me in these proceedings.
15           THE COURT:  Perfect. Welcome, Ms. Delimce.
16           Anything else.?
17           MR. NELSON:  Nothing further, your Honor.
18           THE COURT:  I understand the defendant is out on bail,
19  is that correct?
20           MR. NELSON:  That is correct.
21           THE COURT:  Those conditions, any objection to those
22  being continued?
23           MR. FEE:  We ask they be continued.
24           THE COURT:  Bail is continued on the same terms.
25           Mr. Medina, as you have no doubt been told you are

D2p6medc

1  required to comply with the terms and conditions of your
2  release and to appear as directed by your lawyer, but certainly
3  on April 3rd in this courthouse, and stay in touch with your
4  lawyer.
5          Thank you very much.  We're adjourned.
6                              o0o